137 N.J. Super. 306 (1975)
349 A.2d 71
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN COUNCIL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 10, 1975.
Decided November 21, 1975.
*307 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. William D. Knowlton, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. John DeCicco, Deputy Attorney General, of counsel).
PER CURIAM.
Defendant was indicted for the unlawful distribution of marijuana, in violation of N.J.S.A. 24:21-19(a)(1). After entering a retraxit plea of guilty, he was sentenced to a State Prison term of one to two years, concurrent with a sentence he was then serving in a federal *308 penitentiary, and he was fined the sum of $2500. He asserts on appeal that the trial judge improperly failed to give him credit for time served while he was subject to a detainer, and also that the fine imposed was manifestly excessive and unduly punitive.
It appears that when he was indicted defendant was serving a sentence in the Federal Penitentiary in Terre Haute, Indiana. The New Jersey authorities sent a bench warrant to that institution on July 25, 1973, to act as a detainer. Defendant was transferred to the Salem County jail on June 6, 1974, where he was confined until sentenced. The argument raised is that under R. 3:21-8 defendant was entitled to credit against his sentence for time served subsequent to the filing of the detainer, both in the penitentiary and in the county jail. We disagree.
R. 3:21-8 provides that a defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence. But this refers only to such confinement as is attributable to the arrest or other detention resulting from the particular offense. See State v. Marnin, 108 N.J. Super. 442, 444 (App. Div. 1970); State v. Brandfon, 38 N.J. Super. 412, 414 (Cty. Ct. 1955), aff'd o.b. 40 N.J. Super. 328 (App. Div. 1956). Cf. Lipschitz v. State, 43 N.J. Super. 386 (App. Div. 1957).
The cases on which defendant relies are clearly distinguishable. In State v. Beatty, 128 N.J. Super. 488 (App. Div. 1974), defendant was detained in a New York penal institution for a period of nearly nine months after his latest release date, as the result of detainer filed with New York authorities by New Jersey authorities. The court there held that defendant was entitled to credit for the time he was detained in New York because of the action taken by New Jersey. Similarly, in Brown v. United States, 311 F. Supp. 325 (N.D. Ga. 1970), the holding was that a defendant who was not permitted to make bail on state charges because of a federal detainer was entitled to credit on his federal *309 sentences for the time he spent in state custody without bail.
Here, defendant's incarceration in the federal penitentiary was obviously for an unrelated offense. It has not been demonstrated that the detainer in any way lengthened his stay in that institution. We cannot speculate that the detainer might have had an adverse effect on defendant's eligibility for parole.
We are also of the view that defendant is not entitled to credit for the time spent in the Salem County jail while awaiting disposition of the charges in this State. His transfer here placed him in the temporary custody of the New Jersey authorities. See N.J.S.A. 2A:159A-4. His sentence in the federal institution continued to run, and, after the disposition of the State charge, he was returned to the federal authorities. When there is such transfer of temporary custody, the person already incarcerated suffers no additional restriction on his freedom. State v. Thompson, 133 N.J. Super. 180, 187 (App. Div. 1975).
Defendant complains of the size of the fine which was imposed, because, he argues, it "can very well create an insurmountable obstacle to rehabilitation." No doubt the amount was substantial, nevertheless, it was within statutory limits (See N.J.S.A. 24:21-19(b)), and, additionally, our review of the record satisfies us that there was no abuse of discretion on the part of the trial judge.
Affirmed.