155 N.J. Super. 582 (1978)
383 A.2d 138
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JIMMIE LEE ALLEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 6, 1977.
Decided January 27, 1978.
*583 Before Judges LYNCH, BISCHOFF and KOLE.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. James K. Smith, Jr., Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. Alan Dexter Bowman, Deputy Attorney General, of counsel).
PER CURIAM.
Defendant filed a petition for post-conviction relief seeking to obtain custodial credit of 127 days on sentences imposed upon him after convictions in Middlesex County. The 127 days were spent while defendant was incarcerated in Somerset County awaiting disposition of charges brought against him in that county. While there, a detainer was lodged against him on the Middlesex County charges.
Defendant was convicted on the Middlesex County charges and later pleaded guilty to the charges brought against him in Somerset County. Thereafter, he pleaded guilty to the remaining Middlesex County indictments.
When he was sentenced on the Somerset County charges defendant was credited with the 127 days spent while in that county's custody. He claims that because of the Middlesex County detainer he was unable to make bail in Somerset County until 127 days after his arrest. Therefore, he contends, *584 he should have received credit for the same 127 days on his sentences imposed in Middlesex County. His petition for post-conviction relief having been denied, he appeals to this court. We affirm.
In the first place there is no proof in the record that defendant would have made bail on the Somerset County charges if it had not been for the Middlesex County detainer. In any event, assuming his contention in that respect is factual, we find no merit to defendant's argument.
R. 3:21-8 provides that a defendant shall receive credit on the term of a custodial sentence for any time he has served between his arrest and the imposition of sentence. However, the rule has never been interpreted to apply to confinement not directly attributable to the particular offenses giving rise to the initial incarceration. State v. Council, 137 N.J. Super. 306 (App. Div. 1975); State v. Thompson, 133 N.J. Super. 180, 188 (App. Div. 1975); State v. Beatty, 128 N.J. Super. 488, 491 (App. Div. 1974); State v. Marnin, 108 N.J. Super. 442, 445 (App. Div. 1970), certif. den. 59 N.J. 435 (1971), cert. den. 400 U.S. 835, 91 S.Ct. 70, 27 L.Ed.2d 67 (1970).
Defendant cites, among other cases, State v. Beatty, supra. There defendant had been incarcerated in New York on various charges. Since he was in violation of parole in New Jersey a detainer was lodged against him in New York. He was detained in a New York institution for a period of approximately five months past his latest release date on the New York offenses. That extra detention was due solely to the New Jersey detainer. Thus he was given credit for such confinement on his New Jersey sentence.
State v. Council, supra, on the other hand, is more factually analogous to the case at bar. While Council was serving a term in the federal penitentiary New Jersey authorities filed a bench warrant against him to act as a detainer. He sought credit on his New Jersey sentence for the time served in the federal institution. This court disagreed, saying:
*585 R. 3:21-8 provides that a defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence. But this refers only to such confinement as is attributable to the arrest or other detention resulting from the particular offense. See State v. Marnin, 108 N.J. Super. 442, 444 (App. Div. 1970); State v. Brandfon, 38 N.J. Super. 412, 414 (Cty. Ct. 1955), aff'd o.b. 40 N.J. Super. 328 (App. Div. 1956). Cf. Lipschitz v. State, 43 N.J. Super. 386 (App. Div. 1957).
The cases on which defendant relies are clearly distinguishable. In State v. Beatty, 128 N.J. Super. 488 (App. Div. 1974), defendant was detained in a New York penal institution for a period of nearly nine months after his latest release date, as the result of detainer filed with New York authorities by New Jersey authorities. The court there held that defendant was entitled to credit for the time he was detained in New York because of the action taken by New Jersey. Similarly, in Brown v. United States, 311 F. Supp. 325 (N.D. Ga. 1970), the holding was that a defendant who was not permitted to make bail on state charges because of a federal detainer was entitled to credit on his federal sentences for the time he spent in state custody without bail.
Here, defendant's incarceration in the federal penitentiary was obviously for an unrelated offense. It has not been demonstrated that the detainer in any way lengthened his stay in that institution. We cannot speculate that the detainer might have had an adverse effect on defendant's eligibility for parole. [137 N.J. Super. at 308-309]
So here. Defendant's incarceration in Somerset County was for offenses unrelated to those which were the basis of the Middlesex detainer. The latter therefore did not lengthen his stay in Somerset County. To give him credit for the 127 days in both counties would bestow upon him impermissible double credit. R. 3:21-8 was never so intended. See Lipschitz v. State, 43 N.J. Super. 386 (App. Div. 1957); Bonomo v. N.J. State Parole Board, 104 N.J. Super. 226, 235 (App. Div. 1969).
The denial of defendant's petition for post-conviction relief is affirmed.