167 N.J. Super. 64 (1979)
400 A.2d 516
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HERBERT A. JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 13, 1979.
Decided March 23, 1979.
*65 Before Judges HALPERN, ARD and ANTELL.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. David L. Kervick, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. Donald S. Coburn, Essex County Prosecutor, of counsel; M. Geraldine O'Halloran, Assistant Prosecutor, on the brief).
PER CURIAM.
The issue presented is whether defendant should be credited under R. 3:21-8 for the 61 days he spent in a Nevada jail while resisting extradition to New Jersey for trial on an armed robbery charge. He was denied such credit after being convicted and sentenced to a 10-12 year term for this crime.
R. 3:21-8 provides:
The defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence.
In State v. Beatty, 128 N.J. Super. 488, 491 (App. Div. 1974), we held that the State's public policy expressed in *66 R. 3:21-8 should be liberally construed. We held further that defendant was entitled to credit against his sentence in New Jersey for the time he was confined in a New York penal institution because of a detainer filed by the State of New Jersey. We adhere to that liberal construction in this case because a refusal to do so would chill his constitutional right to contest extradition. See Keyishian v. Bd. of Regents of New York, 385 U.S. 589, 603-604, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967).
To the extent that State v. Sinacore, 151 N.J. Super. 106 (Law Div. 1977), is contrary to the rule expressed in Beatty and herein, it is overruled.
The sentence imposed below is modified to provide for the 61 days credit. In all other respects, the sentence is affirmed.