STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ISAAC N. WILLIAMS, JR., DEFENDANT-RESPONDENT.

Argued November 14, 1979—Decided January 25, 1980.

*Mr. James E. Isman*, Assistant Prosecutor, argued the cause for the appellant (*Mr. John B. Mariano*, Camden County Prosecutor, attorney).

*Mr. Rocky L. Peterson*, Deputy Attorney General, argued the cause for the *amicus curiae* Attorney General of New Jersey (*Mr. John J. Degnan*, Attorney General of New Jersey, attorney *pro se; Mr. Rocky L. Peterson, Mr. John J. De Cicco* and *Mr. Edwin H. Stern*, Deputy Attorneys General, of counsel).

*Ms. Jane G. Kleinfeld*, Assistant Deputy Public Defender, argued the cause for the respondent (*Mr. Stanley C. Van Ness*, Public Defender, attorney).

PER CURIAM.

Defendant was convicted of murder in 1973. After the court sentenced him to a term of 14 to 15 years in State Prison, he moved for reconsideration of sentence under *R.* 3:21–10. In November 1974, the trial court granted defendant's motion. It suspended the unserved prison term and imposed probation for five years, conditioned upon successful completion of an in-patient drug rehabilitation program. The State successfully appealed the modification order. *State v. Williams*, 139 *N.J.Super.* 290 (App.Div.1976), aff'd o.b. 75 *N.J.* 1 (1977). The original sentence was reinstated, and the defendant returned to State Prison.

Defendant then moved for sentence credit for the time spent on probation, November 20, 1974 to November 14, 1977. The trial court denied the motion, but the Appellate Division reversed, holding that without credit the time spent on probation would constitute multiple punishment in violation of the Fifth Amendment guarantee against double jeopardy, made applicable to the states by the Fourteenth Amendment, 167 *N.J.Super.* 203 (App.Div.1979). We granted the State's petition for certification, 81 *N.J.* 272 (1979).

■■■■ We see no reason why the defendant should be denied credit for the time period when he was on probation. As Justice (then Judge) Handler wrote in *State v. Braeunig,* 122 *N.J.Super.* 319, 334 (App.Div.1973):

> It is axiomatic that sentences not be ambiguous and thus subject to confusion or misunderstanding as to the time and manner in which they are to be served. Sentences must be certain, definite and consistent in all their terms. [citations omitted]

A defendant is generally entitled to serve an uninterrupted sentence, unless broken because of escape, violation of probation or parole, or some other fault of the defendant. It cannot be said that pursuit of legal redress in making a motion to modify the original sentence constitutes a wrongful act. But see *Hunter v. McDonald,* 159 *F.*2d 861 (10 Cir. 1947). Here, the error in placing defendant on probation was that of the trial court. We also note that when the State appealed, it did not seek a stay of the trial court's order.

The interest of justice would not be served by denying the defendant credit for his probation, particularly in view of the fact that during that time he successfully completed the drug rehabilitation program. This situation is analogous to cases in which a defendant had been erroneously released or paroled and was granted, upon reimprisonment, credit for the time which elapsed while he was not in custody. *White v. Pearlman,* 42 *F.*2d 788 (10 Cir. 1930) (release); *McKellar v. Arizona State*

*Dept. of Corrections*, 115 *Ariz.* 591, 594, 566 *P.*2d 1337, 1340 (Sup.Ct.1977) (parole).

In view of our holding we find it unnecessary to pass upon the issue of whether time served on probation is punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment.[1]

*For affirmance*—Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—6.

*For reversal*—None.

---

[1]See, *e. g., Hall v. Bostic*, 529 *F.*2d 990 (4 Cir. 1975), *cert.* den. 425 *U.S.* 954, 96 *S.Ct.* 1733, 48 *L.Ed.*2d 199 (1976); *United States v. Guzzi*, 275 *F.*2d 725 (3 Cir. 1960); *Kaplan v. Hecht*, 24 *F.*2d 664 (2 Cir. 1928), holding that probation is not such punishment. See also *North Carolina v. Pearce*, 395 *U.S.* 711, 718–719, 89 *S.Ct.* 2072, 2077, 23 *L.Ed.*2d 656, 665–666 (1969), stating that a defendant is entitled to credit for time served in prison upon resentence subsequent to a conviction on retrial.