710 A.2d 599 (1997)
311 N.J. Super. 544
STATE of New Jersey, Plaintiff,
v.
Adam GRATE, Defendant.
Superior Court of New Jersey, Law Division, Essex County.
Decided July 18, 1997.
*600 Clifford J. Minor, Essex County Prosecutor, Joseph Smyth, appearing.
Michael Marucci, Public Defender for Essex County, Chris Rojas, appearing for defendant.
FAST, J.S.C.
Following the imposition[1] of sentence in this case, defendant moved for a credit of 476 days against his sentence of a six year base term with a period of two years parole ineligibility. The basis for the motion was that while defendant had been on bail in this matter (the bail on this matter had been set at $15,000.00, which the defendant had met), he was arrested for another matter (Indictment XX-XX-XXXX) and the bails were consolidated on July 20, 1995 at $35,000. He was unable to post that consolidated bail and therefore remained in jail until the disposition of that later matter. That second matter had been tried, and the defendant had been acquitted on that matter on November 8, 1996, at which time he was released on the bail set (and posted) in this matter.
The defendant's request is for a jail credit, pursuant to R. 3:21-8, for the period during which he had been incarcerated on the consolidated bails, to wit, July 20, 1995 through November 8, 1996.
The issue presented is whether R. 3:21-8 requires, or permits, the allowance of a jail credit when the incarceration is not solely attributable to the subject crime. See State v. Garland, 226 N.J.Super. 356, 361, 544 A.2d 417 (App.Div.1988) quoting from State v. Allen, 155 N.J.Super. 582, 584, 383 A.2d 138 (App.Div., 1978), cert. den. 77 N.J. 472, 391 A.2d 487 (1978), and citing other cases: "However, the rule has never been interpreted to apply to confinement not directly attributable to the particular offenses giving rise to the initial incarceration." As noted above, it is only because of the defendant's involvement with an additional charge that he was incarcerated, being unable to make the consolidated bail.

DISCUSSION OF LAW

I.

CREDIT PURSUANT TO THE RULE
Rule 3:21-8 provides:
"The defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail ... between arrest and the imposition of sentence."
*601 State v. Hill, 208 N.J.Super. 492, 506 A.2d 373 (App.Div.1986) is similar to the situation at issue. In that case, pending in Camden County, the defendant was awaiting disposition of unrelated charges pending in Cumberland County. The Cumberland charges were eventually dismissed. When the defendant was thereafter sentenced in Camden County, he requested credit for the time spent based upon the Cumberland charges. The Camden County judge denied the credit because the incarceration was not directly attributable to the Camden County charges. See Garland, supra. The appellate division, in upholding that denial, noted that jail time is unlike money on deposit in the bank or a credit card, to be drawn on against subsequent sentences. State v. Barbato, 89 N.J.Super. 400, 412, 215 A.2d 75 (County Court, 1965) said it simply:
"Sound administration of justice dictates that credit for time already spent in custody be allowed only against time still due for the same offense or series of offenses. No one, I believe, would seriously contend that a person who is acquitted after spending time in jail awaiting trial should receive credit for such time against the penalty for another, wholly unrelated offense or that he would be entitled to keep such time in reserve pending any future sentence he might receive."
Hill also said that:
"It is not uncommon for a defendant to be incarcerated on charges for which he is later acquitted or which are subsequently dismissed. This is unfortunate. Nevertheless, we perceive great mischief flowing from a rule which would accord such individuals credit against custodial sentences on wholly unrelated charges." Hill, supra, at page 495, 506 A.2d 373.
But significantly, Hill went on to "... also emphasize that defendant did not post bail on either those charges or the Cumberland County indictment." Id. at page 496, 506 A.2d 373. The significance of that emphasis is that that court apparently would have considered the allowance of the credit had there been some proof that defendant would have made bail[2].
State v. Allen, 155 N.J.Super. 582, 383 A.2d 138 (App.Div.1978) is also informative, in the same vein. The lesson to be learned from Allen comes from the statement that "... there is no proof in the record that defendant would have made bail on the Somerset County charges if it had not been for the Middlesex County detainer." Id. at page 584, 383 A.2d 138.
Specifically, here, defendant was in fact on bail on the subject charge but was unable to make the bail that had been imposed on the consolidation of the bail in the two cases. Because of the consolidation of the bail with a case which was dismissed, the defendant's bail in this case became meaningless.
To put it otherwise, the time spent in jail by this defendant was not attributable to any other offense actually committed by him. While it may therefore be argued that the time served was directly attributable to this case, it was not in fact so attributable; the actual fact is that defendant was on bail on this indictment. Accordingly, the defendant's incarceration cannot be said to have been solely attributable to the subject charge and he is therefore beyond the criterion of the rule.

II.

DISCRETIONARY CONSIDERATIONS IN GRANTING THE CREDIT
Although the defendant is beyond the criterion of the rule[3], and therefore is not entitled to the credit as a matter of right, I find no statute and nothing in either the rule *602 or case law that preempts the court from exercising its inherent discretionary powers under the subject circumstances and relating to the subject issue. If there were no discretion, and if the defendant either satisfied the criteria of the rule or not, then there would have been absolutely no reason for any court to have raised the question of a defendant having been able to make bail, contrary to Hill and Allen, cited above. I find the ability to make bail to be a significant factor, as suggested by those cases, as an equitable consideration, as a matter of exercising discretion, or not.
"The granting of such a credit is at best discretionary, based on the general equities of the situation, and is not a matter of due process.[4]" State v. Marnin, 108 N.J.Super. 442, 445, 261 A.2d 682 (App.Div.1970). The statement that the granting is "at best discretionary," strongly suggests that the issue is not simply meeting the criterion of the rule or being barred from its benefit.
State v. Sinacore, 151 N.J.Super. 106, 110, 376 A.2d 580 (Law Div.1977), said that "... the rule [now R. 3:21-8] was motivated by a basic sense of fairness." Sinacore was overruled by State v. Johnson, (Herbert A.) 167 N.J.Super. 64, 66, 400 A.2d 516 (App.Div. 1979) so as to grant the credit in Johnson.
It is my sense of justice, see State v. Williams (Isaac N. Jr.), 81 N.J. 498, 500, 410 A.2d 251 (1980), that this defendant, based on the facts and dates involved here, is entitled to a credit on the subject sentencing. Had the defendant been found guilty instead of acquitted on the other case, he would have been entitled to a credit, for "gap time" (N.J.S.A. 2C:44-5b(2)[5]) for the interval between the sentencing dates, even if the two sentences were to have been served concurrently. However, since there was no sentencing on the other case, one of the statutory requirements for gap time (i.e., that there be two sentences of imprisonment) is absent and therefore the defendant cannot be given a credit for gap time.
Whether the issue be viewed as one of "fairness" [Sinacore, supra] "justice," [Williams, supra ] or "fair dealing" [State v. Marnin, 108 N.J.Super. 442, 261 A.2d 682 (App.Div.1970)] there should be no question but that it may be granted as a matter of discretion, rather than as of right. I find this situation to be different from those situations in which courts have stated that a defendant cannot "bank" credits. Certain circumstances distinguish this case from others, including the following:
1) that the credit in this case results from a matter that was charged while this defendant had been released on bail rather than while this defendant was still incarcerated, or after this matter had been resolved,
2) that the credit is attributable to that other charge which has been dismissed after trial, by acquittal, and
3) had defendant been convicted, he would have been entitled to at least "gap time" on the later sentence of imprisonment. I find it paradoxical that defendant would have received a credit for gap time for a period of imprisonment if he committed another wrong (i.e., if he had been found guilty), but by having been found innocent that no relief of any type should be available in a matter then pending, under the circumstances presented here.
I therefore conclude that the jail credit, for time served while awaiting disposition on the subject matter, is appropriate as a matter of discretion. The judgment of conviction shall be amended and the subject[6] jail credit shall *603 be shown thereon, to be applied against the base term imposed (rather than against that period for which the defendant is ineligible for parole.)[7]
*604 Editor's Note: The opinion of the Supreme Court of Pennsylvania, in Whitlatch v. Commonwealth, published in the advance sheet at this citation, 710 A.2d 604-605, was withdrawn from the bound volume because reconsideration was granted June 22, 1998.
NOTES
[1] The issue had been raised at the time of sentencing, but not all of the pertinent information was available at that time. Accordingly, I reserved the right of the defendant to pursue the issue by motion following the imposition of sentence.
[2] Hill did not involve a charge that had been dismissed. In applying the point emphasized in Hill, and when the unrelated charges are dismissed, I would assume that the reference to bail would apply at least to the matter on which the defendant was sentenced, rather than the matter that was dismissed. There would be no applicability of a credit when a matter has been dismissed.
[3] When the rule is applicable, it is mandatory, rather than discretionary. "It is clear that whether on a sentencing or on a resentencing after a revocation of probation, the credit requirements of the rule are mandatory." Pressler, 1997 N.J. Court Rules, Comment R. 3:21-8.
[4] Marnin, at page 445, 261 A.2d 682, held that due process has been satisfied when a defendant has been given the right of allocution at sentencing so as to apprise the court of the request for the credit, "so that it might be taken into consideration."
[5] N.J.S.A. 2C:44-5 provides that:

"b. Sentences of imprisonment imposed at different times. When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody;.... (2) Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served."
[6] The defendant was also entitled to a three day jail credit, which is not in issue, and which shall be added to the subject credit.
[7] I also note that this case differs from those in which a credit was denied because it would have created a double benefit to the defendant. There is no double credit conceivable in this case. See, for example, State v. Harvey, 273 N.J.Super. 572, 575, 642 A.2d 1052 (App.Div.1994); State v. Edwards, 263 N.J.Super. 256, 264, 622 A.2d 919 (App.Div.1993); Lipschitz v. State, 43 N.J.Super. 386, 128 A.2d 728 (App.Div. 1957).