917 A.2d 247 (2007)
391 N.J. Super. 67
STATE of New Jersey, Plaintiff-Respondent,
v.
James HEMPHILL, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted September 27, 2006.
Decided February 5, 2007.
*248 Yvonne Smith Segars, Public Defender, attorney for appellant (Ruth Bove Carlucci, Assistant Deputy Public Defender, of counsel and on the brief).
Thomas F. Kelaher, Prosecutor, for respondent (Samuel Marzarella, Senior Assistant Prosecutor, of counsel; William Kyle Meighan, Assistant Prosecutor, on the brief).
Before Judges STERN, A.A. RODRÍGUEZ and COLLESTER.
The opinion of the court was delivered by
A.A. RODRÍGUEZ, P.J.A.D.
One of the issues presented in this appeal is whether defendant, James Hemphill, is entitled to receive credit for time spent in custody, on this charge, in *249 the United Kingdom. We hold that defendant is entitled to such credit for this period.

I
In August 1994, defendant entered a negotiated plea of guilty to second degree endangering the welfare of a child (a thirteen-year-old girl), N.J.S.A. 2C:24-4a. He admitted at the plea hearing that for a two-year period he sexually abused the girl by touching her breasts, buttocks and vagina, while he masturbated. The State agreed to recommend that defendant be sentenced as a third degree offender and to dismiss related charges. Defendant remained on bail pending sentence. He then fled to Scotland prior to sentence. According to the State, he lived there under an assumed name for almost a decade. Eventually, defendant was arrested in Scotland on a warrant stemming from this charge.
Defendant alleges that he was held at the Edinburgh Prison in Scotland for about six months, until he was extradited to New Jersey. Then he was lodged in the Ocean County jail pending sentence.
In anticipation of sentence, Mark Frank, Ph.D, a clinical psychologist, examined defendant at the request of the Adult Diagnostic and Treatment Center (ADTC). Dr. Frank opined that defendant's conduct was compulsive and repetitive, therefore, it came within the purview of N.J.S.A. 2C:47-3. Defendant challenged the ADTC's conclusion and presented the report of his own expert, John J. Verdon, Jr., M.D., a psychiatrist. Dr. Verdon opined that defendant's conduct was not compulsive. Following a Horne[1] hearing, the judge concluded that defendant's conduct required that he be sentenced as a sex offender pursuant to N.J.S.A. 2C:47-3. The judge imposed a five-year term to be served at the ADTC and ordered defendant to comply with Megan's Law, N.J.S.A. 2C:7-1 to -19. The judge gave defendant a 197-day jail credit for time spent in custody in the Ocean County jail. Defendant asked for credit for time spent in custody in Scotland. The State objected. Without addressing the issue, the judge denied credits for custodial time spent in Scotland.

II
[At the direction of the court, the discussion of Section II, concerning the Horne hearing, has been omitted from the published version of the opinion.]

III
The second contention is that:
DEFENDANT IS ENTITLED TO ADDITIONAL JAIL CREDIT FOR TIME SPENT IN CUSTODY PENDING EXTRADITION.
We agree.
The pertinent rule states:
Credit for Confinement Pending Sentence
The defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence.
[R. 3:21-8.]
The credit is only permissible for a period of incarceration attributable to the crime for which the sentence is imposed. In re Hinsinger, 180 N.J.Super. *250 491, 499, 435 A.2d 850 (App.Div.), certif. denied, 88 N.J. 494, 443 A.2d 708 (1981). The credit is given for time served between the date of arrest and the imposition of sentence. State v. Garland, 226 N.J.Super. 356, 361, 544 A.2d 417 (App. Div.), certif. denied, 114 N.J. 288, 554 A.2d 845 (1988). When the rule applies, the credit is mandatory. State v. Grate, 311 N.J.Super. 544, 548 & n. 3, 549-50, 710 A.2d 599 (Law Div.1997), aff'd, 311 N.J.Super. 456, 458, 710 A.2d 554 (App.Div.1998) (citation omitted). Where the rule does not apply, the credit may nevertheless be awarded based on considerations of fairness, justice and fair dealings. Ibid.
The credit is impermissible if the confinement is due to service of a prior-imposed sentence or another charge. State v. Hugley, 198 N.J.Super. 152, 160, 486 A.2d 900 (App.Div.1985) (citing State v. Council, 137 N.J.Super. 306, 308-09, 349 A.2d 71 (App.Div.1975)); State v. Lynk, 166 N.J.Super. 400, 399 A.2d 1055 (Law Div.1979). A defendant is entitled to credit for time spent in another state's penal institution as a result of a detainer filed by New Jersey authorities on the matter resulting in the sentence. State v. Beatty, 128 N.J.Super. 488, 490-91, 320 A.2d 514 (App.Div.1974). In Beatty, the court expressly rejected the argument that "R. 3:21-8 applies only to time spent in custody in New Jersey." Id. at 491, 320 A.2d 514. The court stated that, "R. 3:21-8 expresses the public policy of the State and should be liberally construed." Ibid.
We see no reason why the rule should not apply when a defendant is held in a foreign country on a New Jersey detainer with respect to the matter resulting in the sentence. From all parties' perspectives, confinement in another county, state or a foreign country fall within R. 3:21-8, as long as defendant is not being held on other charges.
Accordingly, defendant is entitled to additional credit for time spent in custody in Edinburgh Prison. Therefore, the sentence is affirmed. However, the matter is remanded to the Law Division, Ocean County for the entry of an amended judgment of conviction. The judge shall conduct a hearing to determine if, in fact, defendant was confined in Scotland solely on this charge and for what period. The judge shall then enter an amended judgment of conviction. The judge should give a statement of reasons, including findings of fact and conclusions of law, with respect to the subject of credits, where the issue is in dispute and has an impact on the sentence. State v. Alevras, 213 N.J.Super. 331, 339, 517 A.2d 460 (App.Div.1986).
Affirmed and remanded.
NOTES
[1] State v. Horne, 56 N.J. 372, 375, 267 A.2d 1 (1970).