**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0397-17T3

STATE OF NEW JERSEY,

    Plaintiff-Appellant/
Cross-Respondent,

v.

RAHGEAM I. JENKINS,

    Defendant-Respondent/
Cross-Appellant.

_____

Submitted August 21, 2018 — Decided August 28, 2018

Before Judges Messano and Geiger.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Indictment No.
97-05-0467.

Joseph D. Coronato, Ocean County Prosecutor,
attorney for appellant/cross-respondent
(Samuel J. Marzarella, Chief Appellate
Attorney, of counsel; Shiraz I. Deen,
Assistant Prosecutor, on the briefs).

Joseph E. Krakora, Public Defender, attorney
for respondent/cross-appellant (Lauren S.
Michaels, Assistant Deputy Public Defender, of
counsel and on the brief).

PER CURIAM

The State of New Jersey appeals from that portion of a September 6, 2017 order awarding defendant Rahgeam Jenkins 154 days of discretionary jail credit. Defendant cross-appeals from the refusal of the prosecutor to join in his Rule 3:21-10(b)(3) motion for reduction of sentence. We reverse the award of additional discretionary jail credit and affirm the denial of the remaining aspects of defendant's motion.

We derive the following facts and complex procedural history from the record. On April 17, 1996, defendant robbed two employees of an auto body shop in Point Pleasant (the first robbery). Police found a fingerprint at the scene. On June 7, 1996, defendant was arrested for a separate robbery he committed in Dover Township on May 29, 1996 (the second robbery). Defendant admitted the gun the police found was his. The gun had defendant's fingerprint on it.

On November 8, 1996, defendant pled guilty and was sentenced for the second robbery. He received 155 days of jail credit for the time he spent in jail from June 7, 1996 to November 8, 1996.

A grand jury returned an indictment in March 1997 charging defendant with third-degree aggravated assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5), involving an incident unrelated to the two robberies. Two months later, a grand jury returned a direct indictment charging defendant with two counts of first-degree armed robbery, N.J.S.A. 2C:15-1, for the first

robbery. The delay in presenting the first robbery to the grand jury was caused, at least in part, by the time it took to complete the fingerprint analysis.

On March 26, 1998, following a jury trial, defendant was found guilty of both counts of armed robbery for the first robbery. The following day he pled guilty to the third-degree assault on a law enforcement officer. In exchange for the plea, the State agreed to recommend the sentence not exceed four years and be concurrent with the sentence imposed on the robbery convictions.

On June 15, 1998, pursuant to N.J.S.A. 2C:43-6, defendant was sentenced as a second-time Graves Act offender to concurrent terms of sixty years subject to a twenty-year parole disqualifier on each of the robbery convictions and a concurrent four-year term on the assault conviction. Defendant did not receive any jail credit or gap-time on the robbery counts. Defendant appealed his conviction and sentence. We affirmed the conviction and sentence, but remanded for calculation of gap-time credit. State v. Jenkins, No. A-0329-98 (App. Div. Nov. 5, 1999). The Supreme Court denied certification. State v. Jenkins, 163 N.J. 396 (2000). On remand, defendant received 585 days of gap-time credit for the period from November 8, 1996 to June 15, 1998, the day of his sentencing.

Defendant then filed a petition for post-conviction relief (PCR), which was denied on July 30, 2001. Defendant appealed. We

affirmed, finding defendant's contentions without merit. <u>State v. Jenkins</u>, No. A-6761-00 (App. Div. Nov. 22, 2002). The Supreme Court denied certification. <u>State v. Jenkins</u>, 177 N.J. 573 (2003).

Defendant filed a second PCR petition on October 8, 2003. We affirmed the denial of the second PCR petition as procedurally barred under <u>Rule</u> 3:22-5. <u>State v. Jenkins</u>, No. A-2115-03 (App. Div. Oct. 29, 2004). The Supreme Court denied certification. <u>State v. Jenkins</u>, 182 N.J. 628 (2005).

On December 16, 2004, defendant moved to correct an illegal sentence. We affirmed the denial of the motion finding defendant's reliance on <u>State v. Franklin</u>, 184 N.J. 516, 540 (2005), misplaced since <u>Franklin</u> was given only pipeline retroactivity. <u>State v. Jenkins</u>, No. A-3620-05 (App. Div. June 13, 2008) (slip op. at 2). We also found that even if <u>Franklin</u> applied, defendant's argument would fail. <u>Id.</u> at 3. The Supreme Court denied certification. <u>State v. Jenkins</u>, 202 N.J. 348 (2010).

On September 16, 2010, defendant filed a petition for a writ of habeas corpus in federal court. Of the fourteen claims made by defendant, three pertained to his sentence. The petition was denied for lack of merit by Judge Mary L. Cooper on June 11, 2014.

On September 19, 2016, defendant moved, again, to correct an illegal sentence. In his pro se brief, defendant argued: (1) his conviction was unconstitutional because the indictment lacked

specificity and the verdict was rendered without the jury answering an interrogatory; (2) the conviction violated the rule of lenity; and (3) the trial court erred by failing to conduct a hearing pursuant to N.J.S.A. 2C:44-6(e).[1]

Defendant was appointed counsel who submitted a supplemental letter brief. Through counsel, defendant contended he was entitled to discretionary jail credit from June 7, 1996 to November 7, 1996, the time defendant spent in jail pending the outcome of the charges pertaining to the second robbery (Ind. No. 96-08-0743). Defendant argued that if he had been charged with the first robbery when it happened on April 17, 1996, or any time before June 7, 1996, he would have been entitled to jail credit for that time period. However, because he was not charged with the first robbery until May 13, 1997, after he had already been charged, pled guilty, and sentenced for the second robbery, he did not receive any jail credit on the first robbery from June 7, 1996 to November 7, 1996.

Relying on State v. Grate, 311 N.J. Super. 456, 458 (App. Div. 1998), defendant argued that under principles of fundamental fairness, he should receive discretionary jail credit for that

---

[1] Defendant did not brief or argue these issues in his cross-appeal. We deem them waived or abandoned. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2018) (citing Gormley v. Wood El, 218 N.J. 72, 95 n.8 (2014); Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015)).

time period. The prosecutor did not join in the motion. Over the State's vehement objection, the motion judge awarded defendant 154 days discretionary jail credit.

In his oral decision, the motion judge noted defendant was represented by an attorney at the trial level who was later disbarred. The judge emphasized defendant was not charged with the first robbery until approximately one year after it occurred even though "the State possessed all of the requirements and all of the facts" to charge and prosecute him for the first robbery. During the time period in question defendant was incarcerated due to the subsequent robbery arrest. The judge also noted defendant "has made some very significant strides in redeeming himself and becoming someone that can go out and lead a fruitful life" after he is released. Considering the totality of the circumstances, the motion judge awarded discretionary jail credits to defendant, concluding it would be a manifest injustice for defendant not to receive the jail credit for that time period.

The remainder of defendant's motion was denied. The judge stayed the award of jail credit pending appeal. This appeal and cross-appeal followed.

The State argues defendant was not entitled to any jail credit on the first robbery. In his cross-appeal, defendant argues the

prosecutor abused his discretion in refusing to join in defendant's sentence reduction motion.

We listed the appeal originally on our Excessive Sentence Oral Argument (ESOA) calendar. However, shortly before the scheduled argument date, defense counsel requested the appeal be transferred to the plenary calendar due to the complexity of the issues raised in the cross-appeal and the corresponding need to set forth the factual circumstances of the case. We transferred the appeal to the plenary calendar and ordered the parties to brief the issues.

Defendant contends the motion judge properly awarded discretionary jail credits based on considerations of fairness, justice, fair dealings, and the general equities of the situation, citing numerous opinions recognizing discretionary jail credits. We disagree.

Discretionary jail credits are not based on statute or court rule. Rather, the award of such credits "'is at best discretionary, based upon general equities of the situation, and is not a matter of due process' or right." State v. Hill, 208 N.J. Super. 492, 495 (App. Div. 1986) (quoting State v. Marnin, 108 N.J. Super. 442, 445 (App. Div. 1970)); see also State v. Hemphill, 391 N.J. Super. 67, 70 (App. Div. 2007) (holding that even where jail credit is not mandated by Rule 3:21-8,

discretionary jail credit "may nevertheless be awarded based on considerations of fairness, justice and fair dealings").

Defendant acknowledges Rule 3:21-8 did not mandate the jail credit he was awarded. Following the award of appropriate gap-time credits, defendant's sentence was not in excess of or otherwise not in accordance with the sentence authorized by law or otherwise illegal. See State v. Murray, 162 N.J. 240, 246-247 (2000) (narrowly defining illegal sentences as "sentences that exceed the penalties authorized by statue for a specific offense" and sentences "not imposed in accordance with law").

The award of discretionary jail credits constitutes a change in sentence. See Breeden v. N.J. Dep't of Corr., 132 N.J. 457, 470 (1993). Thus, a prisoner claiming such credits should apply "to the sentencing court pursuant to the procedures set forth in Rule 3:10 (governing reduction of, or change in, sentence)" for resentencing. Ibid. Rule 3:21-10 permits a reduction or change in sentence in limited circumstances subject to strict time constraints. Subsection (a) contains a sixty-day time limitation for filing and a seventy-five-day requirement for disposition of applications to reduce or change a sentence:

> (a) Time. Except as provided in paragraph (b) hereof, a motion to reduce or change a sentence shall be filed not later than 60 days after the date of the judgment of conviction. The court may reduce or change

8

> a sentence, either on motion or on its own initiative, by order entered within 75 days from the date of the judgment of conviction and not thereafter.
>
> [R. 3:21-10(a).]

The only exceptions to the above rule are enumerated in subsection (b). Pertinent to this appeal is subsection (b)(3), which provides:

> (b) Exceptions. A motion may be filed and an order may be entered at any time . . . (3) changing a sentence for good cause shown upon the joint application of the defendant and prosecuting attorney . . . .

Motions to correct an illegal sentence may be filed at any time. R. 3:21-10(b)(5); State v. Zuber, 227 N.J. 422, 437 (2017). "An 'illegal sentence' is one 'not imposed in accordance with the law.'" Zuber, 227 N.J. at 437 (quoting State v. Acevedo, 205 N.J. 40, 45 (2011)). Defendant does not claim his sentence was illegal. Because defendant's sentence was not illegal, he was required to file the motion "not later than [sixty] days after the date of the judgment of conviction" unless the prosecutor joined in the motion. R. 3:21-10(a) and (b). The prosecutor did not join in the motion.

Defendant argues his application should be considered timely under subsection (b)(3), claiming the prosecutor abused his discretion in refusing to join in his motion, contending the

decision was arbitrary and capricious. We are unpersuaded by this argument.

"[D]efendant may not just challenge the prosecutor's decision in a conclusory manner; he must make a showing of arbitrariness constituting an unconstitutional discrimination or denial of equal protection constituting a 'manifest injustice.'" State v. Alvarez, 246 N.J. Super. 137, 148 (App. Div. 1991). He has not met that burden. Accordingly, he did not qualify for relief under Rule 3:21-10(b)(3).

"Ordinarily, the time limitations of [Rule] 3:21-10(a) must be strictly enforced," State v. E.R., 273 N.J. Super. 262, 266-67 (App. Div. 1994) (citations omitted), and "cannot be enlarged," State v. Tumminello, 70 N.J. 187, 192 n.1 (1976) (citing R. 1:3-4(c)); see also Pressler & Verniero, cmt. 1 on R. 3:21-10(a) ("The time period provided by the rule is non-relaxable pursuant to R. 1:3-4(c)." (citations omitted)).

Defendant filed his motion on September 16, 2016, more than eighteen years after the date of the judgment of conviction, and more than sixteen years after the judgment of conviction was modified to award gap time. Defendant filed numerous other applications during the intervening years. He has not offered any explanation for this inordinate delay.

A-0397-17T3

Because the prosecutor did not join in the application and defendant did not otherwise qualify for relief under subsection (b), the motion was time-barred. Consequently, the motion judge had "no authority under the rule to enter an order reducing or changing the sentence." Tumminello, 70 N.J. 187, 192 n.1. Thus, the motion court erred by awarding the discretionary jail credits. We find insufficient merit in defendant's argument to warrant further discussion. R. 2:11-3(e)(2).

In sum, we reverse the 154-day discretionary jail credit award. The trial court shall enter an amended judgment of conviction consistent with this opinion. We affirm the denial of the remaining aspects of defendant's motion.

Reversed in part and affirmed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0397-17T3