# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3808-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID M. CLARK,

    Defendant-Appellant.

_____

Argued February 8, 2016 — Decided July 29, 2016
Remanded by Supreme Court May 19, 2017
Resubmitted July 5, 2017 — Decided July 13, 2017

Before Judges Messano, Simonelli and Carroll.

On appeal from the Superior Court of New
Jersey, Law Division, Burlington County,
Indictment No. 13-01-0090.

Joseph E. Krakora, Public Defender, attorney
for appellant (Brian P. Keenan, Assistant
Deputy Public Defender, of counsel and on the
brief).

Christopher S. Porrino, Attorney General,
attorney for respondent (Carol M. Henderson,
Assistant Attorney General, of counsel and on
the brief).

PER CURIAM

After granting the State's petition for certification, and the cross-petition for certification filed by defendant David M. Clark, the Supreme Court remanded this matter to us for reconsideration in light of its holding in State v. Joe, 228 N.J. 125 (2017). State v. Clark, ___ N.J. ___ (2017). We briefly summarize the following facts as stated in our prior opinion:

> Defendant . . . was charged in a series of complaint-warrants issued by the New Jersey State Police (NJSP) on August 5, 2011, with sexual crimes committed against two juvenile victims alleged to have occurred between 2004 and 2011. On October 27, 2011, federal law enforcement authorities filed criminal charges against defendant, he was arrested on November 1, and consented to an order of pre-trial detention on November 2, 2011. With brief exceptions as set forth below, defendant has remained in federal custody ever since.
>
> On January 29, 2013, the Burlington County grand jury returned Indictment No. 13-01-0090 (the indictment), charging defendant with fifty-three counts of various sexual offenses which ostensibly included some of the same conduct that was the subject of the federal charges. On March 12, 2013, the Law Division issued a bench warrant, which the parties agree acted as a detainer. Over the ensuing months, defendant appeared in the Law Division through the issuance of writs that were honored by the federal authorities.
>
> On October 28, 2013, defendant waived his right to indictment and pled guilty in federal court to three counts of manufacturing child pornography, 18 U.S.C.A. § 2251(a). On November 12, 2013, defendant pled guilty in the Law Division to three counts of the indictment.

2

On April 14, 2014, the federal judge sentenced defendant to a 360-month term of imprisonment. On November 2, 2014, defendant was remanded to the Burlington County Jail pursuant to the Interstate Agreement on Detainers (IAD), and the State acknowledges that defendant remained in county custody thereafter until his sentencing in the Law Division on February 27, 2015.

In accordance with defendant's plea agreement, at sentencing, the Law Division judge imposed an aggregate thirty-year term of imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, concurrent but not coterminous with defendant's federal sentence. . . . [Defense counsel] . . . argued that defendant was entitled to jail credits from his original sentencing date, February 14 "or shortly thereafter," "due to the difficulty of getting him over here from the federal prison."

The Law Division judge rejected the arguments regarding jail . . . credits, indicating defendant was not entitled to any under current law.

[State v. Clark, No. A-3808-14 (App. Div. July 29, 2016) (slip op. at 2-4) (footnote omitted), certif. granted and remanded, State v. Clark, ___ N.J. ___ (2017).]

Defendant argued he was entitled to jail credits from November 1, 2011, when he was arrested by federal authorities until April 14, 2014, when he was sentenced in federal court, and the State contended the trial judge correctly decided defendant was not entitled to any jail credits. Id. at 4-5.

Relying on State v. Hernandez, 208 N.J. 24 (2011), and the express language of Rule 3:21-8, we rejected defendant's argument that he accrued jail credits on his New Jersey sentence from the moment he was taken into federal custody. Id. at 12. However, we agreed that defendant accrued jail credits after the State issued a bench warrant that served as a detainer and allowed the State to exercise temporary custody over defendant. Id. at 13. We therefore reversed defendant's judgment of conviction and remanded for the Law Division to enter an amended judgment giving defendant the appropriate jail credits. Id. at 14.

In Joe, the defendant was arrested on March 19, 2010, and subsequently indicted in August 2010. 228 N.J. at 127. A bench warrant was issued on September 24, 2010, when he failed to appear for arraignment. Ibid. On June 21, 2011, the defendant was arrested for unrelated weapons charges in New York and remained in custody through sentencing on or around February 13, 2012. Id. at 127-28. The prosecutor's office lodged a detainer pursuant to the Interstate Agreement on Detainers, N.J.S.A. 2A:159A-1 to -15 (IAD), on August 12, 2011, but did not obtain custody of the defendant until some point in 2013. Id. at 128. On August 13, 2013, the defendant pleaded guilty to the New Jersey charges, and the court denied the defendant's request for jail credits. Ibid.

On appeal, we reversed and granted the defendant jail credits for the time between the filing of the New Jersey detainer, August 12, 2011, and the New York sentencing, February 13, 2012. Id. at 129. However, the Court disagreed, holding "if a defendant is incarcerated out of state <u>and the confinement is not due solely to New Jersey charges</u>, jail credit does not apply." Id. at 135 (emphasis added). The Court cited with approval our decision in <u>State v. Council</u>, 137 <u>N.J. Super.</u> 306 (App. Div. 1975), where jail credits were not awarded "to a defendant who was serving time in federal prison for an unrelated offense," because "New Jersey's detainer did not 'in any way lengthen[] his stay in [federal prison].'" <u>Joe</u>, <u>supra</u>, 228 <u>N.J.</u> at 136 (alteration in original) (quoting <u>Council</u>, <u>supra</u>, 137 <u>N.J. Super.</u> at 309). The Court explained that "[b]y limiting jail credit to defendants who are either detained out of state exclusively on New Jersey charges or who are confined in New Jersey, our holding 'add[s] uniformity to the administration of the criminal justice system.'" Id. at 138 (alteration in original) (quoting <u>State v. Carreker</u>, 172 <u>N.J.</u> 100, 116 (2002)).

The State argues <u>Joe</u> controls proper disposition of this appeal. Defendant contends this case is distinguishable from <u>Joe</u> because, unlike that case, which involved New Jersey charges that were unrelated to the New York charges for which the defendant was

in out-of-state custody, "the charges in this case and the federal charges to which [defendant] pleaded guilty were based on conduct against the same victims during the same timeframe." This distinction is unpersuasive.

While not identical, the facts in <u>Joe</u> are similar enough, leading us to conclude we must reverse our judgment and affirm the original judgment of the Law Division. After <u>Joe</u>, a defendant earns jail credits only if "detained out of state exclusively on New Jersey charges or . . . confined in New Jersey." <u>Ibid.</u> Defendant does not qualify under either criteria.[1]

We vacate our prior judgment and affirm the original judgment of conviction entered by the trial court, which awarded defendant no jail credits.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Defendant has not identified specific days when he appeared in New Jersey courts prior to his federal sentencing on April 14, 2014, e.g., November 12, 2013, when he entered his guilty plea to the state charges, nor has he specifically argued he was entitled to jail credit for those limited days.

A-3808-14T1