**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3289-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ARTIC M. ROGERS, a/k/a
ARTIC ROGERTS and
ROGERS ARTIC,

    Defendant-Appellant.

_____

> Submitted April 9, 2019 – Decided April 22, 2019
>
> Before Judges Fisher and Geiger.
>
> On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 11-03-0401 and 11-03-0405.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Michele Erica Friedman, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Artic Rogers appeals from a Law Division determination that he was not entitled to 132 days of jail credit it previously awarded. We affirm.

In December 2010, defendant was arrested at a motel in Piscataway Township on various charges related to unlawful possession of a handgun and promoting prostitution. Defendant posted bail and was released from jail the next day. In March 2011, a Middlesex County Grand Jury returned two indictments against defendant related to that arrest. Indictment No. 11-03-0401 charged defendant with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) and 2C:58-4 (count one); third-degree promoting prostitution, N.J.S.A. 2C:34-1(b)(2) (count two); and fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d) (count three). Indictment No. 11-03-0405 charged defendant with second-degree certain persons not to have weapons, N.J.S.A 2C:39-7(b). Defendant failed to appear for arraignment on those charges, and a bench warrant was issued for his arrest.

Defendant was arrested in January 2011 in New York on unrelated charges of kidnapping, assault, compelling prostitution, and use of a child less than seventeen years old in a sexual performance. Defendant was subsequently arrested for additional prostitution-related offenses committed in New York in

A-3289-17T4

April 2012. It appears defendant was detained pending disposition of his New York charges after that arrest. On November 21, 2016, defendant pleaded guilty to kidnapping and sex trafficking in New York and was sentenced to eleven years imprisonment and five years of post-release supervision.

The Middlesex County Prosecutor's Office lodged a detainer with New York authorities that sought defendant's transfer to New Jersey for prosecution of the two indictments. Defendant waived extradition pursuant to Article III of the Interstate Agreement on Detainers, N.J.S.A. 2A:159A-1 to -15 (IAD). On September 19, 2017, defendant was transferred to New Jersey.

On December 18, 2017, defendant pleaded guilty to amended charges of third-degree conspiracy to commit theft of hotel services, N.J.S.A. 2C:20-8(a) and N.J.S.A. 2C:5-2, on Indictment No. 11-03-0401, and knowingly violating firearms regulations, N.J.S.A. 2C:39-10(a)(1), on Indictment No. 11-03-0405. On January 29, 2018, defendant was sentenced to a three-year prison term on the theft of hotel services and a concurrent eighteen month term on the violation of firearms regulations. Both sentences were made concurrent to defendant's New York sentence. The remaining charges were dismissed.

Defendant's judgment of conviction (JOC) awarded a total of 135 days of jail credit with 132 of those days representing the time from September 19, 2017

A-3289-17T4

to January 29, 2018. One month later, the trial court entered an amended JOC, which eliminated the 132 days of jail credit attributable to the time held in New Jersey under the IAD.

Defendant raises a single argument on appeal:

> [DEFENDANT] IS ENTITLED TO 132 DAYS OF ADDITIONAL JAIL CREDIT, TO REFLECT HIS PRETRIAL INCARCERATION IN NEW JERSEY WHILE BEING HELD ON THE INTERSTATE AGREEMENT ON DETAINERS.

We find no merit in this argument and affirm.

"The IAD is an agreement among contracting states which sets out circumstances under which a party state may obtain temporary custody of a prisoner incarcerated in another jurisdiction." State v. Joe, 228 N.J. 125, 132 (2017) (quoting State v. Cook, 330 N.J. Super. 395, 412 (App. Div. 2000)). The IAD is designed "'to encourage the expeditious and orderly disposition of [outstanding] charges' and to determine the status of all detainers based on 'untried indictments, informations or complaints.'" State v. Carreker, 172 N.J. 100, 114 (2002) (alteration in original) (quoting N.J.S.A. 2A:159A-1).

Pursuant to Article III of the IAD, once "a detainer is filed, a defendant serving an out-of-state prison term may request that New Jersey authorities resolve their untried indictments within 180 days of the request." Joe, 228 N.J.

4

at 132 (quoting N.J.S.A. 2A:159A-3(a)). If a defendant makes such an Article III request, the "sending State[1] shall offer to deliver temporary custody" of the defendant to New Jersey[2] authorities so the defendant can resolve his or her New Jersey indictments in a "speedy and efficient" manner. N.J.S.A. 2A:159A-5(a). The receiving state's "temporary custody" is for the sole purpose of resolving the charges that form the basis of the detainer. N.J.S.A. 2A:159A-5(d). The prisoner must be returned to the sending State "[a]t the earliest practicable time." N.J.S.A. 2A:159A-5(e). While the prisoner is in the temporary custody of the receiving state, "time being served on the [sending State] sentence shall continue to run." N.J.S.A. 2A:159A-5(f). "For all purposes other than that for which temporary custody . . . is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending State . . . ." N.J.S.A. 2A:159A-5(g).

Rule 3:21-8 provides a "defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital

---

[1] The "sending state" is the state in which the defendant is incarcerated at the time he or she "initiates a request for final disposition pursuant to Article III" of the IAD. N.J.S.A. 2A:159A-2(b). Here, New York is the sending state.

[2] The "receiving state" is the state in which the defendant is tried pursuant to Article III. N.J.S.A. 2A:159A-2(c). Here, New Jersey is the receiving state.

between arrest and the imposition of sentence." State v. C.H., 228 N.J. 111, 117 (2017) (quoting R. 3:21-8). "These credits for pre-sentence custody are referred to as 'jail credits.'" Ibid. (quoting State v. Rawls, 219 N.J. 185, 192 (2014)). "Jail credits are 'mandatory, not discretionary,' when Rule 3:21-8 applies." Joe, 228 N.J. at 130 (quoting State v. Hernandez, 208 N.J. 24, 37 (2011)).

Jail credits are "day-for-day credits" that are applied to the "front end" of a defendant's sentence, thereby reducing the defendant's overall sentence and any term of parole ineligibility. Rawls, 219 N.J. at 193 (quoting Hernandez, 208 N.J. at 37). We review a defendant's challenge to an award or denial of jail credits de novo. State v. DiAngelo, 434 N.J. Super. 443, 451 (App. Div. 2014).

In Hernandez, the Court held Rule 3:21-8 entitled defendants to "jail credits, which are earned prior to the imposition of the first custodial sentence," for time spent in presentence custody against all sentences imposed on all convictions. 208 N.J. at 50. However, "once the first sentence is imposed, a defendant awaiting imposition of another sentence accrues no more jail credit under Rule 3:21-8." Ibid.

Defendant acknowledges he is not entitled to the jail credit he seeks under the holding of State v. Council, 137 N.J. Super. 306 (App. Div. 1975). He

contends the reasoning in <u>Council</u> has been so eroded by <u>Hernandez</u> that it should no longer be considered good law. Defendant is mistaken.

In <u>Council</u>, we held defendants placed in the temporary custody of New Jersey authorities pursuant to the IAD were not entitled to jail credit for the time they spent in New Jersey while awaiting the disposition of their charges in this State because their sentence in the sending state continued to run. 137 N.J. Super. at 309. We noted that "[w]hen there is such transfer of temporary custody, the person already incarcerated suffers no additional restriction on his freedom." <u>Ibid.</u> (citing <u>State v. Thompson</u>, 133 N.J. Super. 180, 187 (App. Div. 1975)). Thus, as long as the defendant's incarceration in the sending state is for an unrelated offense and his detention in New Jersey does not "in any way lengthen[] his stay in that institution," the defendant is "not entitled" to jail credits. <u>Ibid.</u>

In <u>Joe</u>, which was also an IAD case, the Court stated, "the crux" of the analysis in <u>Council</u> – "that confinement must result from New Jersey charges and detainers alone to justify jail credit" – and its holding, "remain instructive and were not abrogated by <u>Hernandez</u>." <u>Joe</u>, 228 N.J. at 136 (citations omitted). Thus, contrary to defendant's assertions, the reasoning and holding in <u>Council</u>

were not eroded by <u>Hernandez</u> and remain good law. Consequently, defendant is not entitled to the jail credit he seeks.

The Court's decision in <u>Carreker</u> further supports the conclusion that defendant is not entitled to the jail credit he seeks. Carreker was serving a term of imprisonment in New York but was returned to New Jersey pursuant to the IAD. <u>Carreker</u>, 172 N.J. at 104. After Carreker was extradited to New Jersey, she reached a plea agreement and was sentenced to "serve a four-year term to run concurrent with her New York sentence." <u>Ibid.</u> The Court held Carreker was not entitled to jail credit under <u>Rule</u> 3:21-8 because her "presentence confinement in [New Jersey] was attributable not to a New Jersey offense, but to the fact that, under N.J.S.A. 2A:159A-5(f) of the IAD, she was required to continue her term of incarceration under her New York sentence." <u>Id.</u> at 115. Notably, in <u>Hernandez</u>, the Court made clear it was not abrogating <u>Carreker</u>. <u>Hernandez</u>, 208 N.J. at 44-45.

Like the defendants in <u>Council</u> and <u>Carreker</u>, defendant was serving his New York sentence while temporarily in New Jersey to dispose of the charges in this case. "Under that circumstance, New Jersey jail credit does not apply." <u>Carreker</u>, 172 N.J. at 115.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3289-17T4