**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3877-18T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JEAN CARL SIERRA,

      Defendant-Appellant.

_____

Submitted June 1, 2020 – Decided July 10, 2020

Before Judges Rothstadt and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 15-10-1394.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Craig Allen Becker, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jean Carl Sierra appeals from the denial of his post-conviction relief (PCR) petition without an evidentiary hearing.  He argues:

> POINT I
>
> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING . . . DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PLEA COUNSEL.
>
> A.   LEGAL PRINCIPLES.
>
> B.   FAILURE OF PCR COURT TO CONDUCT AN EVIDENTIARY HEARING.

Defendant did not establish a prima facie case entitling him to an evidentiary hearing; as such, we affirm.

Defendant was serving a sentence in Maryland when his New Jersey counsel (plea counsel) negotiated a plea agreement that called for defendant to plead guilty to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) and second-degree eluding, N.J.S.A. 2C:29-2(b) in exchange for the State's recommendation for an aggregate five-year prison sentence with a mandatory forty-two months of parole ineligibility required by the Graves Act,[1]

---

[1]  N.J.S.A. 2C:43-6(c).

A-3877-18T2

concurrent to the Maryland sentence. Plea counsel traveled to Maryland where defendant signed the plea forms on April 21, 2016. Defendant was transported to New Jersey under the Interstate Agreement on Detainers (IAD), see N.J.S.A. 2A:159A-1 to -15,[2] and entered a plea on May 8, 2017. Although he was originally scheduled to be sentenced on June 23, 2017, plea counsel's absence forced three adjournments until July 21, 2017. The trial court sentenced defendant in accordance with the plea agreement, awarding jail credits from July 14, 2015 to October 11, 2015, but did not award any credits thereafter because defendant was serving the Maryland sentence and, under the IAD, was not entitled to credits while incarcerated pending disposition of his New Jersey case.

Defendant did not file a direct appeal. He avers his plea counsel was ineffective for misleading him to believe he would receive jail credits from the date he signed the plea forms on April 21, 2016 until he was sentenced. The trial court, which presided over every proceeding in this case, denied defendant's petition in an oral decision, concluding plea counsel had no duty to initiate IAD

---

[2] The IAD "creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." State v. Baker, 198 N.J. 189, 191-92 (2009) (quoting Alabama v. Bozeman, 533 U.S. 146, 148 (2001)). Maryland is also one of forty-eight states that are party to the IAD. See id. at 192 n.1; Md. Code Ann., Md. Corr. Servs. §8-401 to 8-417.

proceedings in Maryland to bring defendant to New Jersey for an earlier disposition of the New Jersey case, thus entitling him to jail credits from the date of sentencing. The court ruled that duty was imposed upon defendant's Maryland counsel.

Absent an evidentiary hearing, we review the factual inferences drawn from the record by the trial court and its legal conclusions de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). The test announced by the United States Supreme Court for determining if counsel was ineffective, adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), requires a defendant to first show that counsel was deficient or made errors so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment of the United States Constitution, Strickland v. Washington, 466 U.S. 668, 687 (1984). To meet the second prong, a defendant must also demonstrate that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694; and, if a defendant has pleaded guilty, she or he must establish there was a reasonable probability that, but for counsel's error, he or she would have rejected the plea agreement and gone to trial, State v. DiFrisco, 137 N.J. 434, 527-28 (1994) (Handler, J., dissenting).

A-3877-18T2

We need not address whether defendant's Maryland counsel or plea counsel was responsible for seeking defendant's transfer to New Jersey under the IAD. "[A]ppeals are taken from orders and judgments and not from opinions, oral decisions, . . . or reasons given for the ultimate conclusion." Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001); R. 2:2-3(a); see also Heffner v. Jacobson, 100 N.J. 550, 553 (1985). Defendant's contention here is that his counsel misadvised him that he would receive credits from the date he signed the plea form, not that counsel failed to seek his transfer.

Defendant's contention is not only bald, even if he was misinformed by plea counsel, the trial court correctly explained to defendant—before he entered his guilty plea—that he was not entitled to the credits he now seeks. When defendant asked the trial court "if the time [he was] getting here [in New Jersey] could be run retroactive to Maryland," the court answered:

> You get no credit for being here. You're here [on] what we call [IAD]. You're here on a speedy trial basis. You're coming here to resolve your Maryland case, otherwise you'd have to wait until you're done with your Maryland case, then come here to answer these charges.

In response to plea counsel's advice that defendant was incarcerated in New Jersey prior to being transported to Maryland, the trial court confirmed defendant would receive credit for that time. Defendant then told the court he

had no further questions and was satisfied with plea counsel's representation. After the plea was entered, the trial court repeated that defendant would "receive credit for any . . . jail time before being sentenced [in] Maryland, but as far as [the time between when he was sentenced in Maryland] and today, he gets no time . . . no credit, being here" pursuant to the IAD.

The trial court's statement echoed our holding that defendants held in temporary custody in New Jersey pursuant to the IAD are not entitled to jail credit for the time they spent awaiting the disposition of their charges in this State because their sentence in the sending state continued to run. State v. Council, 137 N.J. Super. 306, 309 (App. Div. 1975). We observed "[w]hen there is such transfer of temporary custody, the person already incarcerated suffers no additional restriction on his freedom," and as long as a defendant's incarceration in the sending state is for an unrelated offense and his detention in New Jersey does not "in any way lengthen[] his stay in that institution," the defendant is "not entitled" to jail credits. Ibid.

Our Supreme Court later confirmed that rationale. In State v. Carreker, the defendant was transferred from New York, where she was serving a sentence, to New Jersey under the IAD. 172 N.J. 100, 104 (2002). The defendant pleaded guilty and was sentenced to a prison term concurrent to the

6                                                    A-3877-18T2

New York sentence. Ibid. The Court held the defendant was not entitled to New Jersey jail credit because her "presentence confinement in [New Jersey] was attributable not to a New Jersey offense, but to the fact that, under N.J.S.A. 2A:159A-5(f) of the IAD, she was required to continue her term of incarceration under her New York sentence." Id. at 115. And, in a more recent IAD case, the Court analogized Council in holding "that if a defendant is incarcerated out of state and the confinement is not due solely to New Jersey charges, jail credit does not apply." State v. Joe, 228 N.J. 125, 135-36 (2017).

Defendant does not argue that but for counsel's misadvice, he would have rejected the plea offer and proceeded to trial. Indeed, he accepted the plea offer even after the trial court advised him he would not receive the jail credits he desired. His PCR counsel confirmed during argument that he did "not want to disturb the plea. He's not looking to have this matter restart. He's not looking for a trial." Defendant, therefore, does not meet the second prong of the Strickland-Fritz standard. See DiFrisco, 137 N.J. at 528 (Handler, J., dissenting).

The trial court correctly denied defendant's request for an evidentiary hearing. R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462-63 (1992). As we

A-3877-18T2

have determined, defendant failed to establish a "reasonable likelihood of succeeding" under the familiar Strickland-Fritz test. Preciose, 129 N.J. at 463.

To the extent not addressed, we determine the balance of defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3877-18T2