166 N.J. Super. 400 (1979)
399 A.2d 1055
STATE OF NEW JERSEY, PLAINTIFF,
v.
GEORGE C. LYNK, JR., DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided February 23, 1979.
*401 Mr. John H. Stamler, Union County Prosecutor, for the State (Mr. Thomas Harley, Assistant Prosecutor, appearing).
Mr. S. David Levy, Deputy Public Defender, for defendant Lynk (Mr. Richard S. Lehrich, First Assistant Deputy Public Defender, appearing).
BRODY, J.S.C.
Defendant moves to credit 138 days against custodial sentences I imposed on two breaking and entering convictions. He spent that time in a New York jail resisting extradition to face these charges  circumstances he claims entitle him to the credit, citing State v. Beatty, 128 N.J. Super. 488 (App. Div. 1974). The State argues that Beatty did not fully come to grips with the issue and that I should deny the credit for the reasons advanced in State v. Sinacore, 151 N.J. Super. 106 (Law Div. 1977). Sinacore's facts are indistinguishable from those here.
In April 1977 a Union County grand jury returned two indictments, each charging defendant with breaking and entering with intent to steal and with larceny. When he failed to appear at a calendar call in November 1977, I issued a warrant for his arrest. He was thereafter arrested in New York on unrelated charges which were dismissed. Because of my warrant and the extradition proceedings, he was further detained in New York for the period in question  from July 14 to November 28, 1978, when he was received in the Union County jail. A week later he pleaded guilty to the breaking and entering charges, for which he received concurrent reformatory sentences. In accordance with a plea agreement, the larceny charges were dismissed.
R. 3:21-8 provides:
The defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence.
Unexpressed in the rule, but the key to its application, is the requirement that the presentence confinement be "directly *402 attributable to the particular offenses" for which sentence is being imposed. State v. Allen, 155 N.J. Super. 582, 584 (App. Div. 1978). Put another way, a defendant may not receive credit for time served attributable to an unrelated offense, even though that confinement occurs between arrest and sentencing for the offense in question. See, e.g., State v. Allen, supra (no credit for confinement in out-of-county New Jersey jail awaiting disposition of unrelated charges pending there), and State v. Council, 137 N.J. Super. 306, 308 (App. Div. 1975) (no credit for confinement in penitentiary serving federal sentence).
In State v. Beatty, supra, defendant was indicted for robbery in Union County on June 18, 1970 while incarcerated in New York where he was scheduled for release on September 11, 1971. In July 1971 a New Jersey detainer for a parole violation was lodged with New York authorities. Extradition proceedings extended his confinement in New York to February 24, 1972, when he was returned to a New Jersey penal institution. From there he was transported to Union County where he pleaded guilty to the charges in the indictment and received a prison sentence with no credit for the New York confinement. The State argued that "(a) R. 3:21-8 applies only to time spent in custody in New Jersey" and "(b) since the detainer was for violation of parole and not the result of the robbery charges, defendant is not entitled to credit on the sentence for robbery." Stating that the rule should be "liberally construed," the court held that defendant was entitled to credit for the New York custody since he was "detained in a New York institution because of the action taken by New Jersey, and whether that action finds its source in the robbery charge or the violation of parole charge is in our view immaterial." State v. Beatty, supra, 128 N.J. Super. at 491.
The Beatty court, unconcerned with attributing the New York confinement to a particular charge, led the Sinacore court to focus on whether "the action taken by New Jersey" caused the New York confinement. It concluded that the *403 time served in New York was not the result of New Jersey's action but was rather "the result of [the defendant's] own action" in resisting extradition. Sinacore, supra 151 N.J. Super. at 115. Accordingly, the court denied the credit.
Allen and Council go beyond Beatty in refining the rule. They lead me to conclude that in allowing or disallowing a credit the only cause of confinement to be considered is an offense charged against defendant. The question is not whose "action" caused it, but whether the confinement is attributable to the offense for which the defendant is being sentenced or to an unrelated offense. Resisting extradition is no offense. The only offenses to which defendant's New York confinement can be attributed are the ones which prompted issuance of my warrant and for which I imposed the custodial sentences. It follows that the credit must be given.
I respectfully disagree with Sinacore. Under the rule a defendant is entitled to credit on the term of a custodial sentence for time served in custody out-of-state as the result of his resisting extradition to face prosecution of the crime for which the custodial sentence is imposed. Courts in other jurisdictions construing statutes providing credit in general terms for presentence jail time are in accord. In re Watson, 19 Cal.3d 646, 139 Cal. Rptr. 609, 566 P.2d 243 (Sup. Ct. 1977); State v. Dozier, 263 S.C. 267, 210 S.E.2d 225 (Sup. Ct. 1974); People ex rel, Bradley v. Davies, 17 III. App.3d 920, 309 N.E.2d 82 (Ct. App. 1974); People v. Havey, 11 Mich. App. 69, 160 N.W.2d 629 (Ct. App. 1968); Commonwealth ex rel. Bleecher v. Rundle, 207 Pa. Super. 443, 217 A.2d 772 (Super. Ct. 1966); Annotation, 77 A.L.R.3d 182, 266-268 (1977).
Motion granted.