**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3057-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOMAS K. ARRINGTON,
a/k/a JONAS ARRINGTON,
and JAY DEE,

     Defendant-Appellant.

_____

Submitted September 23, 2019 – Decided November 20, 2019

Before Judges Ostrer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 11-08-1289 and 13-03-0348.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele Erica Friedman, Assistant Deputy Public Defender, of counsel and on the brief).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant, Jomas Arrington, claims in this appeal that he was improperly denied jail credits for the 1031 days he was incarcerated in the Middlesex County Corrections Center awaiting trial on State charges while a federal detainer was pending for a violation of his federal supervised release. The question concerning these jail credits was not litigated before the trial court. Rather, the judge, prosecutor, and defense counsel accepted a statement in the Presentence Investigation Report (PSR) that, "[a]ccording to jail credit guidelines[,][1] the def[endant] is not entitled to jail credit because he was being held by a 'foreign jurisdiction.'"

It is not clear to us what guidelines the PSR was referring to, but the record shows that defendant was not being held by a foreign jurisdiction. Rather, he was being detained in a New Jersey jail facing New Jersey charges for which he was unable to make bail. In accordance with prevailing case law and the

---

[1] Defendant has moved to expand the record in an effort to locate the "guidelines" referred to in the PSR. Because we are deciding this appeal based on our interpretation and application of the relevant Court Rule and case law, there is no need for us to review the guidelines. Accordingly, defendant's motion is moot in light of the court's disposition of the underlying appeal on the existing record.

A-3057-17T1

unambiguous terms of the Court Rule that governs the award of jail credit, Rule 3:21-8, we hold that defendant is entitled to credit for the 1031 days he was incarcerated in the Middlesex County Corrections Center while the federal detainer was active.

I.

Defendant was arrested and placed in pretrial custody in the Middlesex County Corrections Center on criminal drug charges on March 31, 2011. On August 25, 2011, a Middlesex County grand jury returned a twenty-three count indictment charging defendant with various drug-related crimes, including Leader of Narcotics Trafficking Network, first-degree possession of heroin with intent to distribute, and second-degree conspiracy to distribute narcotics. In 2013 a Middlesex County grand jury returned a separate indictment charging defendant with conspiracy to tamper with a witness, hinder apprehension, and obstruct the administration of law.

On April 11, 2011, while defendant was in custody in the Middlesex County Corrections Center awaiting resolution of the initial charges, the federal government lodged a detainer pertaining to an alleged violation of federal

3

"probation."[2] On January 31, 2014, a federal judge sentenced defendant to time served, resolving the federal allegation, and lifted the federal detainer on February 5, 2014.

On March 20, 2014, defendant pled guilty to the second-degree conspiracy count charged in the 2011 Middlesex County indictment and to the third-degree witness tampering count charged in the 2013 Middlesex County indictment. He was sentenced on December 11, 2017, pursuant to the persistent offender statute, N.J.S.A. 2C:44-3(a), to a twelve-year prison term during which he must serve 3 years, six months without the possibility of parole. The sentencing court

---

[2] As noted at the outset of this opinion, the issue concerning the 1031 days of jail credits at the center of this appeal was not fully litigated and the record concerning the federal detainer is scant. The PSR used the term "probation" in reference to the federal detainer. The State has moved to expand the record in order to establish that defendant had been charged with violating federal "supervised release," not "federal probation," and also that supervised release under federal law is the functional equivalent of parole under New Jersey law and practice. In the alternative, the State seeks to have this case remanded to allow the trial court to address the proper characterization and impact of the federal detainer.

For reasons we explain later in this opinion, there is no need for us to compare and contrast the characteristics of supervised release under federal law with the characteristics of parole under New Jersey law. In the particular circumstances of defendant's pretrial detention, the resolution of this appeal does not depend on whether defendant's violation of federal supervised release is tantamount to a violation of parole, but rather on whether defendant was detained in New Jersey on state charges during the pendency of the federal detainer.

awarded 493 days of jail credit. The 493 days of jail credit does not include the time defendant spent in the Middlesex County Corrections Center between April 11, 2011, and February 5, 2014—the 1031 days during which the federal detainer was active.

Defendant on appeal contends that:

POINT I

MR. ARRINGTON IS ENTITLED TO 1[]031 DAYS OF ADDITIONAL JAIL CREDIT FOR HIS PRETRIAL CUSTODY IN THE MIDDLESEX COUNTY JAIL, IRRESPECTIVE OF THE FEDERAL DETAINER LODGED AGAINST HIM DURING THAT IN-STATE INCARCERATION.

A. MR. ARRINGTON REMAINED INCARCERATED AT THE MIDDLESEX COUNTY CORRECTIONAL FACILITY THROUGHOUT THE TIMEFRAME IN QUESTION. HE WAS NOT INCARCERATED IN A "FOREIGN JURISDICTION" SIMPLY BECAUSE A FEDERAL DETAINER WAS LODGED AGAINST HIM WHILE HE WAS IN CUSTODY AT THE COUNTY JAIL.

B. NEITHER STATE V. JOE[3] NOR STATE V. HERNANDEZ[4] SUPPORT DEPRIVING MR. ARRINGTON OF THE JAIL CREDIT IN QUESTION.

_____

3 228 N.J. 125 (2017).

4 208 N.J. 24 (2011).

5

## C. MR. ARRINGTON'S CREDIT SHOULD NOT DEPEND UPON HAPPENSTANCE.

## II.

Rule 3:21-8 provides that, "[t]he defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." Such credit for pre-sentence custody is commonly referred to as "jail credits." Richardson v. Nickolopoulos, 110 N.J. 241, 242 (1988). When Rule 3:21-8 applies, these credits are mandatory, not discretionary. Hernandez, 208 N.J. at 37. These credits have a constitutional foundation, moreover, and "were conceived as a matter of equal protection or fundamental fairness and as a means of avoiding the double punishment that would result if no such credits were not granted." Id. at 36. Furthermore, Rule 3:21-8 expresses the public policy of this State and should be liberally construed. See State v. Beatty, 128 N.J. Super. 488, 491 (App. Div. 1974).

The State argues that the federal detainer in this case was based on a violation of the federal equivalent of parole, and that this situation is thus governed by the New Jersey Supreme Court's decision in State v. Black, 153 N.J. 438 (1998). In that case, the Supreme Court addressed whether the

6

defendant was entitled to jail credit against his sentence on an absconding conviction for the full time he spent in custody between the date of his arrest and sentencing on that charge.  Id. at 455–56.  The Court began its analysis by explaining that Rule 3:21-8 has been interpreted to require credit "only for 'such confinement as is attributable to the arrest or other detention resulting from the particular offense.'"  Id. at 456 (quoting State v. Allen, 155 N.J. Super. 582, 585 (App. Div. 1978)).  Applying that foundational principle, the Court ultimately held that "when a parolee is taken into custody on a parole warrant, the confinement is attributable to the original offense on which the parole was granted and not to any offense or offenses committed during the parolee's release."  Id. at 461.

The problem with the State's reliance on Black is that the "attribution" rationale at the heart of that decision has since been replaced.  As recently reaffirmed in Joe, 228 N.J. at 136, the Supreme Court in Hernandez "cast aside" the traditional attribution line of reasoning relied on in Black, simplifying jail credit analysis by relying instead on the plain language of Rule 3:21-8.  The Court in Joe explained

> In Hernandez, this Court departed from the traditional attribution analysis for determining the correct application of jail credit.  We clarified that "defendants are entitled to precisely what the Rule provides:  credits

against all sentences for 'for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence' on each case."

[228 N.J. at 134–35 (quoting <u>Hernandez</u>, 208 N.J. at 28).]

In <u>Joe</u>, the defendant was incarcerated outside of New Jersey on out-of-state charges. <u>Id.</u> at 126–29. The Court ultimately denied the defendant's request for jail credits, holding that, "if a defendant is incarcerated out of state and the confinement is not due solely to the New Jersey charge, jail credit does not apply." <u>Id.</u> at 135. The Court at the end of its opinion amplified its rationale, explaining that, "[b]y limiting jail credit to defendants who are either detained out of state exclusively on New Jersey charges <u>or who are confined in New Jersey</u>, our holding 'add[s] uniformity to the administration of the criminal justice system.'" <u>Id.</u> at 138 (emphasis added) (quoting <u>State v. Carreker</u>, 172 N.J. 100, 116 (2002), <u>abrogated by</u> <u>Hernandez</u>, 219 N.J. at 28). The underscored language informs us that when a defendant is confined in New Jersey awaiting disposition of New Jersey charges, he or she is entitled under <u>Rule</u> 3:21-8 to credit for every day he spends in county jail, without regard to a federal or out-of-state detainer.

In our present case, defendant was not confined out of state, but rather in the Middlesex County Corrections Center. During every day of his protracted

pretrial confinement there, he was facing New Jersey charges and was, throughout this extended period, unable to post bail on those charges. We hold that under the simplified, literal interpretation of Rule 3:21-8 that was embraced in Hernandez and Joe, defendant is entitled to jail credit for all of the time he served in the Middlesex County Corrections Center while awaiting disposition of the State charges. In light of our holding in this case, we are not addressing the arguments raised by defendant in his supplemental pro se brief. We remand this case to the sentencing court to award 1031 extra days of jail credit. We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION