**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2424-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

OLUTOKUNBO EFUNNUGA,

    Defendant-Appellant.

_____

Submitted March 23, 2022 – Decided June 21, 2022

Before Judges Hoffman, Whipple and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 18-08-1848.

Olutokunbo Efunnuga, appellant pro se.

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant appeals from a February 2, 2021, Law Division order denying his request for specified jail credits towards the eight-year prison sentence

imposed on his guilty plea conviction for first-degree armed robbery. From January 24, 2018, to April 24, 2018, defendant was in a federal correctional facility in Pennsylvania serving a federal sentence for violating supervised release.[1] Immediately following the expiration of the federal sentence on April 24, 2018, defendant was detained in Philadelphia pursuant to a New Jersey detainer based on the New Jersey robbery charges and subsequently arrested on these charges on April 25, 2018. Defendant was released on bail on April 26, 2018.

After carefully reviewing the record in light of the governing principles of law, we reject defendant's contention that he is entitled to jail credit during the period when he was in a federal correctional facility in Pennsylvania serving the federal sentence for violating federal supervised release. However, we agree with defendant that he is entitled to jail credits from April 24, 2018, when he was taken into custody in Pennsylvania based on the New Jersey armed robbery detainer, to April 26, 2018, when he posted bail. Because that period of confinement appears to have been due solely to the New Jersey detainer, he is entitled to credit for those two days of incarceration. We therefore remand to

---

[1] Under federal law, supervised release is the non-custodial portion of the sentence that is imposed on a defendant's federal conviction.

the trial court to amend the Judgment of Conviction (JOC) to award two additional days of credit.

## I.

We discern the following facts and procedural history from the record.[2] Defendant was arrested by U.S. Immigration and Customs Enforcement (ICE) in August 2008 for conspiracy to distribute a controlled dangerous substance (CDS). Defendant was indicted and pled guilty in the United States District Court for the Eastern District of Pennsylvania. He was sentenced on the federal CDS conviction to a custodial sentence of sixty-seven months to be followed by a three-year period supervised release.

In March 2016, while still on federal supervised release, defendant was arrested in Philadelphia and charged under Pennsylvania law for possession of CDS, Pa. Stat. § 780-113(a)(30); intentional possession of a controlled substance, Pa. Stat. § 780-113(a)(16); possession of marijuana, Pa. Stat. § 780-113(a)(31); and use or possession of drug paraphernalia, Pa. Stat. § 780-113(a)(32). Later that same month, a federal summons was issued, directing

---

[2] During the pendency of this appeal, defendant moved to supplement the record. We hereby grant that motion and we have taken the supplemental information into account in reaching our conclusion. See Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 452 (2007).

A-2424-20

defendant to appear in federal court for a hearing to determine whether his supervised release should be revoked because of the arrest made by Pennsylvania authorities. At the ensuing hearing, the federal court determined that defendant would remain in the community pending the disposition of the Pennsylvania charges.[3]

In October 2016, defendant was arrested in Delaware County, Pennsylvania on a Fugitive from Justice Warrant arising from a bank robbery in Gloucester County, New Jersey. Defendant was held in a correctional facility in Philadelphia pending his extradition to New Jersey.

In May 2017, defendant was removed from the Philadelphia correctional facility and taken into federal custody to appear for a hearing regarding revocation of federal supervised release. Defendant's federal revocation hearing was postponed and he remained in federal custody pursuant to a federal detainer.[4] The federal revocation hearing was convened on January 24, 2018,

---

[3] The record indicates that while defendant's federal supervision was to expire in June 2016, the federal court retained jurisdiction based on the potential violation of supervised release occurring prior to its expiration.

[4] Defendant argues that he was held on a New Jersey detainer. However, defendant stated to the contrary in a petition for habeas corpus that he was held without bail on a federal detainer.

after which defendant was found guilty of violating federal supervised release. He was sentenced by the federal court to serve thirteen months in a federal correctional facility.

In March 2018, defendant filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, arguing that the U.S. Bureau of Prisons erred in calculating jail credits. On April 24, 2018, the U.S. District Court judge determined that:

> 1. It was the intent of the [p]arties and the [c]ourt at the January 24, 2018 Violation of Supervised Release Hearing that [p]etitioner's sentence should be concurrent to any period of time he was held in state custody; and
>
> 2. Petitioner's thirteen-month remand to the custody of the Bureau of Prisons for the violation is now completed.

Defendant was subsequently released from federal custody on April 24, 2018.[5] That release was "subject to any active detainers which may currently be lodged." Defendant was thereupon detained on April 24, 2018 in Philadelphia based on the New Jersey bank robbery charges and arrested on those charges on April 25, 2018. Defendant posted bail and was released on April 26, 2018.

---

[5] We note that in the interest of completeness, the U.S. District Court Judge in a January 20, 2022 order indicated the date of defendant's release as April 26, 2018. We believe that this date is inaccurate in light of the record before us that indicates that defendant was released from federal custody on April 24, 2018.

5

On August 8, 2018, defendant was charged by indictment with first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1).  On October 29, 2018, defendant pled guilty to first-degree armed robbery pursuant to a negotiated plea agreement in which the State agreed to cap the sentence to "a term of eight years New Jersey State prison, [and] 85[%] without the possibility of parole" under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.  The State also agreed to dismiss the remaining counts of the indictment.

The plea agreement also accounted for the award of jail credits. Specifically, the agreement provided that defendant would receive jail credits from December 16, 2016, to January 23, 2018, and from June 11, 2018, to the day prior to sentencing.

On November 30, 2018, defendant was sentenced on the robbery conviction in accordance with the plea agreement.  The parties also agreed at the sentencing hearing that defendant was entitled to additional jail credit from November 15, 2016, to December 15, 2016.  During the sentencing proceeding, defendant argued that he was further entitled to jail credits for the period when he was serving a federal sentence for violating supervised release.  The

sentencing court denied that request, explaining that defendant was not entitled to jail credits for the period of time he was serving a federal sentence.

Defendant filed a direct appeal of his sentence. That appeal was heard on the sentencing oral argument calendar on September 23, 2020. Defendant argued that he was entitled to "approximately [ninety-three] days of jail credit while he was in custody in the federal system." In response, the State argued "[t]hat [such] time was explicitly excluded from the negotiated credits, and it appears that defendant was serving a federal sentence during that time on a federal VOP." The State further argued that "[d]efendant made the choice to accept the plea, and it was made clear to him at sentencing that he wasn't getting that additional time." We affirmed the trial court order and denied the additional jail credits.

Following our decision, defendant filed a motion with the trial court for jail credits for the same dates that he had raised on appeal. On February 2, 2021, the trial court denied defendant's motion, noting that he was not entitled to jail credits for time while he was serving a federal sentence. The trial judge added, "the [c]ourt had previously amended your Judgment of Conviction giving you negotiated jail credits. Pursuant to court documents, your supervised release was revoked on 1/24/18 and you were serving a sentence. Therefore, the

7

Judgment of Conviction will not be amended to reflect any additional jail credits."

This appeal follows. Defendant raises the following contentions for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW, BY DENYING APPELLANT JAIL CREDITS FROM THE PERIOD OF TIME BETWEEN JANUARY 24, 2018, - APRIL 26, 2018, BECAUSE APPELLANT WAS NO LONGER SERVING A SENTENCE OF [THIRTEEN] MONTHS.
>
> POINT II
>
> REGARDLESS OF THIS COURTS' DETERMINATION REGARDING THE AWARD OF JAIL CREDITS FOR THE PERIOD OF JANUARY 24, 2018, - APRIL 24, 2018, SPENT IN FEDERAL CUSTODY; SUBSEQUENT TO THAT, APPELLANT MUST BE GRANTED JAIL CREDITS FOR APRIL 24, 2018, - APRIL 26, 2018, AS THAT TIME WAS SPENT IN PHILADELPHIA COUNTY AWAITING EXTRADITION ON THE INSTANT CASE.

II.

We first address the State's contention that we should not entertain defendant's arguments because we have already issued a decision on the same jail credit issue that defendant is raising in this appeal. The State urges us to dismiss this appeal under what we presume to be an argument for us to apply

the law-of-the-case doctrine. We decline to apply that doctrine. "The law-of-the-case doctrine is a non-binding rule intended to prevent relitigation of a previously resolved issue in the same case." State v. K.P.S., 221 N.J. 266, 276 (2015) (quotations and citations omitted). Ordinarily, the law-of-the-case doctrine "precludes a court from reexamining an issue previously decided by the same court, or a higher appellate court, in the same case." State v. Reldan, 100 N.J. 187, 208 (1985) (O'Hern, J., dissenting) (quoting United States v. Maybusher, 735 F.2d 366, 370 (9th Cir. 1984)). Importantly, "[a] hallmark of the law of the case doctrine is its discretionary nature, calling upon the deciding judge to balance the value of judicial deference for the rulings of a coordinate judge against those 'factors that bear on the pursuit of justice and, particularly, the search for truth.'" Hart v. City of Jersey City, 308 N.J. Super. 487, 498 (App. Div. 1998) (quoting Reldan, 100 N.J. at 205).

Our Supreme Court has recognized that "[u]nderlying the [law-of-the-case doctrine] are principles similar to collateral estoppel . . . ." K.P.S., 221 N.J. at 277 (second alteration in original) (quoting Reldan, 100 N.J. at 209). Further,

> [b]oth collateral estoppel and law of the case are guided by the "fundamental legal principle . . . that once an issue has been fully and fairly litigated, it ordinarily is not subject to relitigation between the same parties either in the same or in subsequent litigation." However, whereas collateral estoppel may bar a party

from relitigating an issue decided against it in a later and different case, law of the case may bar a party from relitigating the same issue during the pendency of the same case before a court of equal jurisdiction. One major distinction between the two doctrines is that law of the case, unlike collateral estoppel, is subject to the exercise of sound discretion.

[Ibid. (second alteration in original) (citations omitted).]

As the State notes, the record shows that during the sentencing oral argument calendar, we rejected defendant's jail credits argument and determined that the sentence imposed was "not manifestly excessive or unduly prejudicial and does not constitute an abuse of discretion." We nonetheless now choose to consider defendant's arguments on their merits, in part because we now have the benefit of briefs that spell out the unusually complex facts and procedural history of this case. We also decline to invoke the law-of-the-case doctrine because defendant appears to be entitled to at least a portion of the relief he seeks. In choosing to consider defendant's contentions, we are mindful that "[a] challenge to an award or denial of jail credits, as inconsistent with Rule 3:21-8, constitutes an appeal of a sentence 'not imposed in accordance with law.'" State v. DiAngelo, 434 N.J. Super. 443, 451 (App. Div. 2014) (quoting State v. Rippy, 431 N.J. Super. 338, 347 (App. Div. 2013)). To the extent that denial of even a single day of earned jail credit constitutes an unlawful sentence, we believe that

errors in awarding jail credits can be fixed at any time and notwithstanding any discretionary procedural bar established under the law-of-the-case doctrine.

## III.

Turning to the substantive merits, we begin by acknowledging the legal principles governing this appeal. We review the grant or denial of jail credits de novo. State v. Walters, 445 N.J. Super. 596, 600 (App. Div. 2016) (citing State v. Hernandez, 208 N.J. 24, 48–49 (2011)).

Rule 3:21-8 provides that, "[t]he defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." When Rule 3:21-8 applies, these credits are mandatory, not discretionary. Hernandez, 208 N.J. at 37. These credits have a constitutional foundation, moreover, and "were conceived as a matter of equal protection or fundamental fairness and as a means of avoiding the double punishment that would result if no such credits were granted." Id. at 36. Furthermore, Rule 3:21-8 expresses the public policy of this State and should be liberally construed. See State v. Beatty, 128 N.J. Super. 488, 491 (App. Div. 1974).

In Hernandez, our Supreme Court made clear that a defendant who is serving another custodial sentence is not entitled to jail credits. 208 N.J. at 45,

11

It also bears noting that the Supreme Court in <u>Hernandez</u> simplified the jail-credit analysis by relying on the plain language of <u>Rule</u> 3:21-8. <u>State v. Joe</u>, 228 N.J. 125, 136 (2017). As recently re-affirmed in <u>Joe</u>,

> In <u>Hernandez</u>, this Court departed from the traditional attribution analysis for determining the correct application of jail credit. We clarified that "defendants are entitled to precisely what the <u>Rule</u> provides: credits against all sentences 'for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence' on each case."
>
> [228 N.J. at 134–35 (2017) (quoting <u>Hernandez</u>, 208 N.J. at 28).]

The Court's decision in <u>Joe</u> provides clear instruction on the resolution of the matter before us. In that case, the defendant was incarcerated outside of New Jersey on out-of-state charges. <u>Id.</u> at 126–29. The Court ultimately denied the defendant's request for jail credits, holding unequivocally that "if a defendant is incarcerated out of state and the confinement is not due solely to the New Jersey charge, jail credit does not apply." <u>Id.</u> at 135. The Court amplified its rationale at the end of its opinion, explaining that "[b]y limiting jail credit to defendants who are either detained out of state exclusively on New Jersey charges or who are confined in New Jersey, our holding 'add[s] uniformity to the administration of the criminal justice system.'" <u>Id.</u> at 138 (alteration in original) (quoting <u>State v. Carreker</u>, 172 N.J. 100, 116 (2002)).

A-2424-20

Applying the clear rule established in Joe, defendant is not entitled to jail credits from January 24, 2018, to April 24, 2018, because he was incarcerated out of New Jersey and was in a federal correctional facility serving a federal sentence. His confinement during this period, in other words, was neither in this state nor "due solely to the [pending] New Jersey [robbery] charge[]." Id. at 135 (emphasis added).

Defendant acknowledges that he was in federal custody but argues that he is entitled to jail credits because New Jersey law enforcement authorities had issued a detainer in relation to the pending robbery charges. We reiterate, however, that even accepting for the purposes of argument that the New Jersey detainer ensured that defendant could not be released, the fact remains that until April 24, 2018, he was in federal custody serving a federal sentence. We stress that under the clear rule announced in Joe, defendant is not entitled to credits because his confinement was not due solely to the New Jersey detainer. See also Hernandez, 208 N.J. at 45, 47 (noting that a defendant who is serving another custodial sentence is not entitled to jail credits).

The situation changed on April 24, 2018. On that date, the federal custodial sentence imposed on defendant's violation of supervised release expired. Accordingly, defendant's ongoing confinement until his release on bail

13

appears, from that critical point in time, to have been due solely to the New Jersey detainer. We therefore believe that defendant is entitled to credit for the period of confinement between April 24, 2018, and April 26, 2018. We remand the matter and instruct the trial court to amend the JOC to reflect two additional days of jail credit. We do not retain jurisdiction.

Affirmed in part and reversed and remanded in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2424-20